Tyler G. Doyle Bar No. 242477
BAKER & HOSTETLER LLP
811 Main Street
Suite 1100
Houston, TX 77002-6111
Telephone: 713.751.1600
Facsimile: 713.751.1717
Email: tgdoyle@bakerlaw.com

Patricia M. Prezioso
SILLS, CUMMINS & GROSS, P.C.
One Riverfront Plaza, Suite 13
Newark, New Jersey 07102
Telephone: 973.643.5041
Facsimile: 973.643.6500
Email: pprezioso@sillscummins.com
Admitted Pro Hac Vice

Attorneys for Plaintiff
WESTROCK SERVICES LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTROCK SERVICES, LLC., <br><br> Plaintiff, <br><br> v. <br><br> **JILL YAMASHIRO**, an individual; **MICHELLE PLASENCIA**, an individual; **JUAN SANCHEZ**, an individual; **MICHAEL WHITNEY**, an individual; **JEFF WIDRO**, an individual; **SARAH WOOD KENNEDY**; and DOES 1-25, inclusive, <br><br> Defendants. | Case No.: 2:22-cv-06154-ODW-RAO <br><br> **PROTECTIVE ORDER** <br> **(~~Proposed~~)** |

It appearing that the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. "Discovery Material" is defined to include any and all information, transcript, document, or thing or portion of any document or thing that was received

1  or obtained through expedited or Rule 26 discovery in this proceeding, including but
2  not limited to Rule 26 disclosures, interrogatories, request for production of
3  documents, requests for admissions, subpoenas and/or depositions, as well as Sealed
4  Documents appended to any filing or submitted or exchanged in connection with this
5  proceeding. "Sealed Documents" includes any and all documents filed or appended
6  to any filing that any party to this litigation files with the Court under seal regardless
7  of whether the document remains under seal for the pendency of this litigation. Any
8  party to this litigation and any nonparty shall have the right to designate as
9  "Confidential" and subject to this Order any information, document, or thing, or
10 portion of any document or thing:  (a) containing confidential or proprietary
11 information, (b) containing sensitive business, governmental, or personal
12 information about that party or a non-party, (c) containing information received in
13 confidence from nonparties, or (d) containing information which the producing party
14 otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G)
15 of the Federal Rules of Civil Procedure. Any party to this litigation shall have the
16 right to designate as "Limited Confidential" any information, document, or thing, or
17 portion of any document or thing, which is or becomes available to a party from a
18 source rightfully in possession of such information, and who is free to share it with
19 others, on a non-confidential basis, but that is not presently in the public domain. Any
20 party to this litigation or any nonparty covered by this Order, who produces or
21 discloses any Confidential material, including without limitation any information,
22 document, thing, interrogatory answer, admission, pleading, or testimony, shall mark
23 the same with the foregoing or similar legend: "CONFIDENTIAL" or
24 "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter
25 "Confidential").

26     2.    Any party to this litigation and any nonparty shall have the right to
27 designate as "Attorneys' Eyes Only" and subject to this Order any information,
28 document, or thing, or portion of any document or thing that contains highly sensitive

business or personal information (which may include, without limitation, trade secrets and other highly sensitive technical, marketing, financial, sales, or other confidential business information) the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party given the Defendants are currently employed by Max Solutions, Inc. ("Max"), a competitor to Plaintiff. Any party to this litigation or any nonparty who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes Only" or "AEO"). Attorneys' Eyes Only designations limits review to only outside counsel of record and their respective staffs. This Paragraph is subject to amendment by agreement of the parties, including the potential addition of in-house counsel at WestRock, as discovery continues.

Any deponent or witness at trial or hearing in connection with this matter may be shown as part of preparation in advance of such proceeding, or shown or examined at such proceeding, any information, document or thing designated AEO if it is apparent from the face of the document that the witness authored or received a copy of it or if the producing party consents to such disclosure. For clarity, this paragraph allows viewing of materials as part of proper preparation of a deponent or examination of a witness but does not permit distribution (copies, photographs, records, or other types of memorialization) of AEO information regarding the opposing party in any circumstance.

3. All Discovery Material, including but not limited to designated Confidential, Limited Confidential, or AEO material shall be used by the receiving party solely for purposes of the prosecution or defense of this action. Such Discovery Material may also be used in the case of *WestRock Company and Multi Packaging*

*Solutions, Inc. v. Max Solutions, Inc., et al.*, Case No.: 2:23-cv-273 *(*the *"Max Solutions Action")* so long as it retains the same designations used here under the protective order in that proceeding and any material produced in the Max Solutions Action (including material marked Confidential, Limited Confidential, or AEO) may be shared with counsel for the Defendants in this action. WestRock agrees to a reciprocal rule in the Max Solutions Action allowing for discovery material in the Max Solutions Action to be used in the above-captioned action. For the avoidance of doubt, Discovery Material shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth here and in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential, Limited Confidential, or AEO material, provided that such advice and opinions shall not reveal the content of such Confidential or AEO material except by prior written agreement of counsel for the parties, by Order of the Court, or as otherwise provided for in this Order, including section 4 below.

All Discovery Material produced in this action may be subject to designation as Confidential, Limited Confidential, or AEO material by a non-producing party so long as it satisfies the requirements of such designations under this Protective Order. If a non-producing party is in receipt of Discovery Material that it believes should be designated Confidential or AEO, it shall first notify the opposing party(s) to this action. If the opposing party(s) agrees to the non-producing party's desired designation(s), the document(s) shall receive those designations(s). If there is not agreement, the parties to this action shall meet and confer.

4. Limited Confidential material must be redacted if referenced in a public filing, and Limited Confidential materials must be filed under seal if used as an exhibit to a public filing.

5. Confidential material and the contents of Confidential material may be disclosed by the receiving party only to the following individuals under the following conditions:

    a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant identified in-house counsel for the parties;

    b. Outside experts or consultants retained for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    d. The Court and court personnel;

    e. Any individual may be shown information, documents, or things designated Confidential, in each case solely in connection with the prosecution or defense of this action, if it is apparent from the face of the document that such individual authored or received a copy of it; is employed by the party who produced the information, document or thing; or the producing party consents to such disclosure. For clarity, this paragraph allows viewing of materials as part of proper preparation of a deponent or examination of a witness but does not permit distribution (copies, photographs, records, or other types of memorialization) of Confidential information regarding the opposing party in any circumstance;

    f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to,

court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

g. Exhibit A trial expert non-disclosure agreements shall be provided at the time of the disclosure of their expert reports. All non-trial experts and/or consultants, as referred to under paragraphs (b) and (f), non-disclosure agreements shall be provided to the opposing party at the end of the case, or in accordance with further written agreement between the parties or Court Order. If the party receiving Confidential, Limited Confidential, or AEO information, or the party producing Confidential, Limited Confidential, or AEO information pertaining to the opposing party, discloses such information to a nonparty, the disclosing party must track what documents were given and the identity of the subsequent receiving party along with maintaining the executed Exhibit A non-disclosure agreement of such nonparty. For clarity, the obligation to track under this paragraph is limited to maintaining a folder with the signed Exhibit A non disclosure agreement and a set of the documents sent to the signatory of the Exhibit A non disclosure agreement; and

h. The parties. In the case of Plaintiff, WestRock Services, LLC, who is a corporation, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit; provided however, that material designated as Confidential material may be shown or described to the designated executives of any other party and distribution (copies, photographs, records, or other types of

memorialization) of Confidential materials to any such executive is not permitted in any circumstance. The executives to whom this Paragraph 5(h) shall apply for Plaintiff is the following WestRock employees: Kevin Kenjarski (Senior Vice President of Sales) and Mark Campbell (Director, MPS), Shawn Smith (Vice President of Sales), Jamie Petrykievicz (Vice President of Sales), and Cliff Waddington (Vice President of Sales) each of whom may only review Confidential materials to the extent those materials concern their customers or industries.[1] Should there be a reason for any party to share Confidential material belonging to another party beyond the aforementioned executives, the parties shall meet and confer to obtain the producing party's consent.

6. Confidential material shall be used only by individuals permitted access to it under the terms set forth in Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure. No Confidential, Limited Confidential, or AEO material originating from an adverse party, which was drafted/created and exclusively originated with the adverse party's information, may be used for any business or competitive purpose at any time anywhere. For clarity, the ownership of documents originally created by a Party's employee, for purposes of this paragraph, shall be with the employer of the employee at the time the document was drafted/created, and the term "drafted/created" does not include saving the document to a new device or system,

---

[1] Mr. Smith: Over-the-counter healthcare, vitamins/supplements/nutraceuticals
Mr. Petrykievicz: Beauty and personal care, media
Mr. Waddington: Beauty and personal care, media

or minimally altering the document. Nothing in this Protective Order shall limit the use by a party of its own Confidential material.

Further, nothing in this paragraph permits access to documents restricted by agreement or Court Order, and in case of conflict, the agreement or Court Order shall be followed.

7. With respect to any depositions that involve a disclosure of Confidential or Limited Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

8. If counsel for a party receiving documents or information designated as Confidential, Limited Confidential, or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or nonparty a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or nonparty shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential, Limited Confidential, or Attorneys' Eyes Only. If no timely written response is made to the objection, the

challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then meet and confer in good faith in an effort to resolve the dispute within 10 business days. The parties may agree to reasonably extend the date for the meet and confer or responding to objections, and such extension will not be unreasonably withheld especially in the face of numerous objections occurring at one time.

(b) If a dispute as to a Confidential, Limited Confidential, or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, including a dispute over the timeliness of a written responses, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter within 10 business days following the meet and confer referenced above, before filing a formal motion for an order regarding the challenged designation. The parties may agree to extend the date for presenting the dispute to the Court. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9. Any document designated "Confidential," Limited Confidential," or "Attorneys' Eyes Only" by a party or non-party and which document is filed with the Court shall be filed under seal, in accordance with Local Civil Rule 79-5.2.2(b).1.

10. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

11. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related

subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Protective Order.

12. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13. Information that is in the public domain shall not be considered confidential. Information which is already known by the receiving party through proper means shall not be deemed or considered to be Attorney's Eye's Only material under this Protective Order, but may be marked as "Limited Confidential."

14. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15. Any designation of Discovery Material as Confidential, Limited Confidential, or AEO by any party to this Protective Order, or a subpoena recipient, shall not operate as a concession or determination that any such information constitutes confidential information or trade secrets for any other purpose.

16. This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

17. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to locate, assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential, Limited Confidential, Attorneys' Eyes Only or Sealed Documents and to destroy, should such source so request, all copies of same that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing same. Any person who executes Exhibit A hereto is required to return and/or destroy all Discovery Material and shall, within 30 days of being notified of the final conclusion of this action, certify in writing in the form attached hereto as Exhibit B such return and/or destruction and shall provide such written certification to counsel for the party by whom they have been engaged or whom they have advised in connection with this action. All Exhibit B Certifications of Destruction are to be provided to opposing counsel within 10 days of execution. Subject to the provisions of this Protective Order, outside counsel may keep attorney work product intact after the final conclusion of the litigation, even if such work product contains, excerpts, summarizes or references Confidential, Attorneys' Eyes Only or Sealed Documents, and may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes. To the extent a party requests the return of Confidential, Limited, Confidential, Attorneys' Eyes Only or Sealed Documents material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

///

///

///

18. The Parties to this action have entered into agreements regarding the forensic search and collection of documents in the personal possession and control of current employees of Max Solutions, Inc. The ultimate disposition of materials exchanged under those agreements will be made pursuant to those agreements or any subsequent agreement by the parties those agreements.

**IT IS SO ORDERED.**

Dated: May 25, 2023

_Rozella A. Oliver_
Honorable Rozella A. Oliver
U.S. Magistrate Judge

**EXHIBIT A**

Tyler G. Doyle Bar No. 242477
BAKER & HOSTETLER LLP
811 Main Street
Suite 1100
Houston, TX 77002-6111
Telephone: 713.751.1600
Facsimile: 713.751.1717
Email: tgdoyle@bakerlaw.com

Patricia M. Prezioso
SILLS, CUMMINS & GROSS, P.C.
One Riverfront Plaza, Suite 13
Newark, New Jersey 07102
Telephone: 973.643.5041
Facsimile: 973.643.6500
Email: pprezioso@sillscummins.com
Admitted Pro Hac Vice

Attorneys for Plaintiff
WESTROCK SERVICES LLC

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WESTROCK SERVICES, LLC., <br><br> Plaintiff, <br><br> v. <br><br> **JILL YAMASHIRO**, an individual; **MICHELLE PLASENCIA**, an individual; **JUAN SANCHEZ**, an individual; **MICHAEL WHITNEY**, an individual; **JEFF WIDRO**, an individual; **SARAH WOOD KENNEDY**; and DOES 1-25, inclusive, <br><br> Defendants. | Case No.: 2:22-cv-06154-ODW-RAO <br><br> **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Protective Order in this case signed by the Court, and I will comply with all provisions of the Protective Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Discovery Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Discovery Material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Discovery Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

8. I agree to be subject to the jurisdiction of the United States District Court for the Central District of California for the purposes of the enforcement of this Protective Order and the enforcement of my obligations under this Certification.

9. I declare under penalty of perjury that the foregoing is true and correct.

10. Dated: _____          [Name]_____

# EXHIBIT B
## **<u>CERTIFICATION OF DESTRUCTION</u>**

I, _____, having received material subject to the Protective Order entered by the Court on _____, 2023 in the matter docketed in the United States District Court, District for the Central District of California as Case No. 2:22-cv-06154 ODW-RAO, and having understood and agreeing to its terms and conditions, hereby declare and certify under penalties of perjury under the laws of the United States of America that I have returned and/or destroyed all electronic and physical copies of material and all documents incorporating or that otherwise contain information from any Discovery Material, that were in my possession, custody or control. I agree to be subject to the jurisdiction of the United States District Court for the for the Central District of California for the purpose of the enforcement of this Protective Order and the enforcement of my obligations under this Certification.